IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JUAN BACA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CAUSE NO.: EP-20-CV-102 |
| | § |
| UNITED STATES OF AMERICA | § |
| | § |
| Defendant | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, JUAN BACA, in the above-entitled and numbered cause, complaining of and about Defendant UNITED STATES OF AMERICA (hereinafter as necessary "Defendant United States"). Plaintiff, in support thereof, would show as follows:

### PARTIES

1. Plaintiff, JUAN BACA, is an individual who resides in El Paso, Texas and is a citizen of the State of Texas.

2. Defendant, UNITED STATES OF AMERICA, is a governmental entity which may be served with process by serving Mr. William Barr, Attorney General of the United States, United States Department of Justice, by and through the Assistant Attorney General for Administration, Justice Management Division, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, by certified mail, return receipt requested, pursuant to Section 4-2.300, U.S. Attorney's Manual and Mr. John F. Bash, United States Attorney, Western District of Texas, by and through Stephanie Rico, Civil Process Clerk, Office of the United States Attorney for the Western District of Texas, 601 Northwest Loop 410, Suite 600, San Antonio, Texas 78216-5597, by certified mail, return receipt requested, pursuant to Amended Designation of Agents for Service of Process.

1

## JURISDICTION

3. Suit is brought for money damages for personal injury and damage to property caused by the negligent or wrongful act or omission of an employee of the United States of America while acting within the scope of his office or employment and this Court has jurisdiction over this cause of action pursuant to the Federal Torts Claims Act, 28 U.S.C. §§1346(b), 2671 et seq.

## VENUE

4. A substantial part of the events or omissions giving rise to the claim occurred in this District and venue is proper in this District pursuant to 28 U.S.C. §1391(e)(1).

5. The Customs and Border Protection (hereinafter "CBP"), at all relevant times herein, was a "federal agency" within the meaning of 28 U.S.C. §2671.

## BACKGROUND AND FACTS

6. Plaintiff's Standard Form 95 claim was filed/submitted on or about April 4, 2019 requesting bodily injury and property damages in the amount of One Million, One Hundred Thousand dollars ($1,100,000) pursuant to 28 U.S.C. §2675(a), concerning the injuries and damages which were tortiously caused to Plaintiff on or about March 22, 2019.

7. The government denied Plaintiff's administrative claim on March 23, 2020. See letter dated March 23, 2020 from Pamela A. Miller, Director National Finance Center attached as Exhibit "A" and email dated March 24, 2020 from Mark W. Hannig, Attorney, U.S Customs and Border Protection attached as Exhibit "B".

8. The instant suit is duly commenced no later than six months after the denial of Plaintiff's claim. See 28 U.S.C. §2675(a) and 28 U.S.C. §2401.

9. Plaintiff, on or about March 23, 2020, was operating his motor vehicle westbound at 700 E. Paisano, in the turning lane to turn southbound to 400 S. Florence.

10. At approximately the same time, Wryan Eugene Young, in the course and scope of his employment Defendant United States, was also operating his motor vehicle on E. Paisano.

11. Mr. Young, traveling eastbound on E. Paisano, failed to control his speed and struck Plaintiff's motor

vehicle.

12. The collision was investigated by an officer from the El Paso Police Department and Mr. Young was determined to at fault. Mr. Young was issued a citation for "Failure to Control Speed and Causing an Accident. See Texas Peace Officer's Crash Report, attached hereto as Exhibit "C".

13. Plaintiff, as a result, sustained injuries and damages as set out in this complaint below.

## NEGLIGENCE OF DEFENDANT'S EMPLOYEE
## WRYAN EUGENE YOUNG

14. Plaintiff alleges that the collision and resulting damages and injuries to him were proximately caused by one or more of the following alternative theories of negligence on the part of Wryan Eugen Young in:

    A. Failing to keep such a proper outlook as a person of ordinary care would have kept;

    B. Failing to drive as a person of ordinary care would have done;

    C. Driving at an excessive rate of speed as a person of ordinary care would not have done;

    D. Failing to control his speed as a person of ordinary care would have done;

    E. Failing to turn his motor vehicle to avoid the collision as a person using ordinary care would have done;

    F. Failing to take proper evasive action as a person of ordinary care would have done;

    G. Failing to yield right of way to avoid the collision as a person using ordinary care would have done;

    H. Failing to make timely or proper application of the brakes on his motor vehicle as a person using ordinary care would have done;

    I. Failing to turn his vehicle to the left or to the right to avoid the collision as a person of ordinary care would have done;

15. Wryan Eugene Young, an employee of Defendant United States at the aforesaid time and place, was an agent, servant, or employee of the CBP, was an "employee of the government" within the meaning of 28 U.S.C. §2671, was operating a motor vehicle owned by Defendant United States through its agency, the CBP, with the express permission or consent of Defendant United States and, as the agent, servant, and employee of Defendant United States, was acting within the course and scope of his employment

3

with Defendant United States and CBP.

16. All negligence of the employee of Defendant United States, while operating a motor vehicle owned by United States of America and while acting within the course and scope of this employment with Defendant United States and the CBP, pursuant to 28 U.S.C. §1346(b), is imputed to Defendant United States.

## NEGLIGENCE OF DEFENDANT UNITED STATES OF AMERICA

17. Defendant United States owned the vehicle negligently operated by Wyran Eugene Young. Defendant United States negligently entrusted the vehicle to a driver that was negligent and reckless. As a result of Defendant United States negligently entrusting the vehicle to Wyran Eugene Young, Plaintiff was harmed as specified above.

## DAMAGES TO PLAINTIFF

18. Plaintiff, as a proximate and producing result of the collision and the above acts or omissions of Wyran Eugene Young, an employee of Defendant United States, has sustained injuries to his head, neck, thoracic spine, lumbar spine, left shoulder, and left leg, and other parts of his body in general. He has endured extensive medical treatment in an effort to alleviate his pain.

19. Plaintiff, as a direct and proximate result of the collision and the above acts or omissions of Defendant's employee, incurred the following damages:

    A. Reasonable and necessary medical expenses incurred in the past;

    B. Reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

    C. Physical pain sustained in the past;

    D. Disfigurement;

    E. Physical pain which, in all reasonable probability, will be sustained in the future;

    F. Mental anguish sustained in the past;

    G. Mental anguish which, in all reasonable probability, will be sustained in the future;

    H. Physical impairment sustained in the past;

4

I. Physical impairment which, in all reasonable probability, will be sustained in the future; and,

J. Property damage to his vehicle that was involved in the instant collision.

20. Plaintiff is also entitled to pre-judgment and post-judgment interest at the maximum rate allowed by law.

21. Plaintiff, because of all of the above and foregoing, has been damaged and will be damaged in amounts deemed to be just and fair by the Court which are personal injuries in the amount of One Million dollars ($1,000,00.00); property damages in the amount of One Hundred Thousand dollars($100,000.00); and, damages for loss of use of his vehicle at the rate of Twenty-Five dollars and zero cents ($25.00) per day, which are amounts within the jurisdictional limits of this Court for which Plaintiff now brings suit.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, JUAN BACA, respectfully demands judgment of and against Defendant UNITED STATES OF AMERICA for bodily injury damages in the amount of One Million dollars ($1,000,000); property damages in the amount of One Hundred Thousand dollars($100,000); and, damages for loss of use of his vehicle at the rate of Twenty-Five dollars ($25.00) per day,; pre-judgment and post-judgment interest at the maximum rate allowed by law; court costs; and, and any other relief, at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
Attorneys for Plaintiff
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600
(915) 581-4605 (Facsimile)
Daniela@labinotilaw.com

/s/ Daniela Labinoti
**DANIELA LABINOTI**
Texas State Bar No. 24050900

# Exhibit "A"



**U.S. Customs and Border Protection**

Daniela Labinoti
Law Firm of Daniela Labinoti
707 Myrtle
El Paso, Texas 79901

RE: Administrative Claim under the Federal Tort Claims Act
    Claimant: Juan Baca

Dear Ms. Labinoti:

On February 25, 2020 the Agency received Mr. Baca's claim for compensation due to personal injuries and property damage. The claim arises out of a two-vehicle accident that occurred on March 22, 2019 at the intersection of Florence and Paisano. Mr. Baca claims his personal injury and property damages amount to $120,000.

The Federal Tort Claims Act, beginning at 28 USC §2671, grants to the head of each Federal Government agency the authority to consider and settle administratively claims for injuries caused by a negligent or wrongful act or omission of an employee of the Federal government while acting within the scope of employment. As Agency authority, I fully considered all the facts and circumstances of your client's claim. Based on the evidence presented, I determined that Mr. Baca's claim is not allowed because it cannot be attributed to a negligent or wrongful act or omission of a U.S. Customs and Border Protection employee while the employee was acting within the scope of employment.

Under governing regulations, if you are dissatisfied with this decision, you may file suit in an appropriate United States District Court not later than six months after the date of this letter.

Sincerely,

PAMELA A MILLER
Digitally signed by PAMELA A MILLER
Date: 2020.03.23 17:23:09 -04'00'

Pamela A. Miller
Director, National Finance Center

# Exhibit "B"



Suetta Carder <suetta@labinotilaw.com>

## RE: Claim of Juan Baca
1 message

**HANNIG (OCC), MARK W** <MARK.W.HANNIG@cbp.dhs.gov>     Tue, Mar 24, 2020 at 2:18 PM
To: Daniela Labinoti <daniela@labinotilaw.com>, Suetta Carder <Suetta@labinotilaw.com>
Cc: Lily Chavez <lily@labinotilaw.com>

Yes, use the date of email.

Respectfully,

Mark W. Hannig

Attorney

U.S. Customs and Border Protection

Assistant Chief Counsel's Office

9434 Viscount Blvd, Suite 200

El Paso, Texas 79925

915 599-0800

**From:** Daniela Labinoti <daniela@labinotilaw.com>
**Sent:** Tuesday, March 24, 2020 2:16 PM
**To:** HANNIG (OCC), MARK W <MARK.W.HANNIG@CBP.DHS.gov>; Suetta Carder <Suetta@labinotilaw.com>
**Cc:** Lily Chavez <lily@labinotilaw.com>
**Subject:** Re: Claim of Juan Baca

CAUTION: This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact the CBP Security Operations Center with questions or concerns.

Mark,

Thanks,

We will file suit but the letter is NOT dated. Can I use your email as the date of the letter?

SOL is 6 months from the date of the letter.

Sincerely,

Law Firm of Daniela Labinoti, P.C.

Personal Injury & Employment Law

Texas and New Mexico

707 Myrtle

El Paso, Texas 79901
Phone: 915-581-4600
Fax #: 915-581-4605

daniela@labinotilaw.com

www.linkedin.com/in/labinotilaw

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any reading, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not the intended recipient, please immediately notify us by telephone, collect, at (915) 581-4600, and destroy the original message.

On Tue, Mar 24, 2020 at 10:21 AM HANNIG (OCC), MARK W <MARK.W.HANNIG@cbp.dhs.gov> wrote:

> Daniela:
>
> Here is the Government's response to Mr. Baca's claim. We'll snail mail a hardcopy too.
>
> Respectfully,
>
> Mark W. Hannig
>
> Attorney
>
> U.S. Customs and Border Protection
>
> Assistant Chief Counsel's Office

9434 Viscount Blvd, Suite 200

El Paso, Texas 79925

915 599-0800

# Exhibit "C"

8

# Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)

Law Enforcement and TxDOT Use ONLY
☐ FATAL ☐ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ AB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

Total Num. Units: 2
Total Num. Prsns.: 2
TxDOT Crash ID: 16969645.1/2019129293

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 1 of 2

## IDENTIFICATION & LOCATION

- *Crash Date (MM/DD/YYYY): 03/22/2019
- *Crash Time (24HRMM): 2125
- Case ID: 19-081203
- Local Use:
- *County Name: EL PASO
- *City Name: EL PASO
- ☐ Outside City Limit
- In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No
- Latitude (decimal degrees):
- Longitude (decimal degrees):

### ROAD ON WHICH CRASH OCCURRED
- *1 Rdwy. Sys.: US
- *Hwy. Num.: 62
- 2 Rdwy. Part: 1
- Block Num.: 600
- 3 Street Prefix: E
- *Street Name: PAISANO
- 4 Street Suffix: DR
- Crash Occurred on a Private Drive or Road/Private Property/Parking Lot
- ☐ Toll Road/Toll Lane
- Speed Limit:
- Const. Zone: ☐ Yes ☒ No
- Workers Present: ☐ Yes ☐ No
- Street Desc.: PUBLIC ROADWAY

### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER
- At Int.: ☒ Yes ☐ No
- 1 Rdwy. Sys.: LR
- Hwy. Num.:
- 2 Rdwy. Part: 1
- Block Num.: 400
- 3 Street Prefix: S
- Street Name: FLORENCE
- 4 Street Suffix: ST
- Distance from Int. or Ref. Marker:
- ☐ FT ☐ MI
- 3 Dir. from Int. or Ref. Marker:
- Reference Marker:
- Street Desc.: PUBLIC ROADWAY
- RRX Num.:

## VEHICLE, DRIVER, & PERSONS — Unit 1

- Unit Num.: 1
- 5 Unit Desc.: 1
- ☐ Parked Vehicle
- ☐ Hit and Run
- LP State: 98
- LP Num.: 269255
- VIN: 1GNSK2E06DR127187
- Veh. Year: 2012
- 6 Veh. Color: WHI
- Veh. Make: CHEVROLET
- Veh. Model: TAHOE
- 7 Body Style: SV
- ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)
- 8 DL/ID Type: 1
- DL/ID State: TX
- DL/ID Num.: 34478750
- 9 DL Class: C
- *0 CDL End.: 96
- 11 DL Rest.: 96
- DOB (MM/DD/YYYY): 10/21/1985
- Address (Street, City, State, ZIP): 14669 GINGER KERRICK EL PASO, TX 79938

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | YOUNG, WRYAN EUGENE | C | 33 | W | 1 | 1 | 1 | 2 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

- ☒ Owner ☐ Lessee
- Owner/Lessee Name & Address: CBP US BORDER PATROL, CBP US BORDER PATROL
- Proof of Fin. Resp.: ☒ Yes ☐ No ☐ Expired ☐ Exempt
- 26 Fin. Resp. Type: 7
- Fin. Resp. Name: SELF INSURED OFFICE OF ASST CHIEF COUNSEL
- Fin. Resp. Num.: SELF INSURED
- Fin. Resp. Phone Num.: (915) 599-0149
- 27 Vehicle Damage Rating 1: 1 - FR - 4
- 27 Vehicle Damage Rating 2:
- Vehicle Inventoried: ☐ Yes ☒ No
- Towed By: PRIVATE TOW BY BORDER PATROL
- Towed To: PRIVATE TOW BY BORDER PATROL

## VEHICLE, DRIVER, & PERSONS — Unit 2

- Unit Num.: 2
- 5 Unit Desc.: 1
- ☐ Parked Vehicle
- ☐ Hit and Run
- LP State: TX
- LP Num.: HLN8502
- VIN: 1FTYR10D57PA45583
- Veh. Year: 2007
- 6 Veh. Color: WHI
- Veh. Make: FORD
- Veh. Model: RANGER
- 7 Body Style: PK
- ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)
- 8 DL/ID Type: 1
- DL/ID State: TX
- DL/ID Num.: 34241758
- 9 DL Class: C
- 10 CDL End.: 96
- 11 DL Rest.: 96
- DOB (MM/DD/YYYY): 12/13/1953
- Address (Street, City, State, ZIP): 6237 MICHEL ST EL PASO, TX 79932

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | BACA, JUAN | C | 65 | W | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

- ☒ Owner ☐ Lessee
- Owner/Lessee Name & Address: BACA, JUAN, 6237 MICHEL ST EL PASO, TX 79932
- Proof of Fin. Resp.: ☒ Yes ☐ No ☐ Expired ☐ Exempt
- 26 Fin. Resp. Type: 2
- Fin. Resp. Name: FARMER'S (TX. COUNTY MUTUAL) INS. CO.
- Fin. Resp. Num.: 45990526
- Fin. Resp. Phone Num.: (800) 225-0011
- 27 Vehicle Damage Rating 1: 4 - RBQ - 3
- 27 Vehicle Damage Rating 2:
- Vehicle Inventoried: ☐ Yes ☒ No
- Towed By: PRIVATE TOW
- Towed To: PRIVATE TOW

Law Enforcement and TxDOT Use ONLY.
Form CR-3 (Rev. 1/1/2018)

Case ID: 19-08...
TxDOT Crash ID: 16969645.1  9129293
Page 2 of 2

## Disposition of Injured/Killed

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| 1 | 1 | University Medical Center Of El Paso | Fire Medical Services | | |
| 2 | 1 | Sierra Medical Center | Fire Medical Services | | |

## Charges

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 1 | 1 | F/T CONTROL SPEED C/A | 19280863 |

## Damage

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

(fields blank)

## Factors & Conditions

| 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
|---|---|---|---|---|---|---|
| 1 | 3 | 97 | 2 | 1 | 1 | 96 |

## Investigator's Narrative Opinion of What Happened

600 E Paisano is a seven lane, marked lane, roadway with a center median. 600 E Paisano has three Eastbound lanes and one turn lane to make a Northbound turn onto 300 S Florence. 600 E Paisano has three Westbound lanes. 700 E Paisano is a seven lane, marked lane, roadway with a center median. 700 E Paisano has three Westbound lanes and one turn lane to make a Southbound turn onto 400 S Florence. 700 E Paisano has three Eastbound lanes. 400 S Florence is a two lane, unmarked, roadway with one Northbound and one Southbound lane. Unit 2 was traveling Westbound on 700 E Paisano, in the turn lane, and proceeded to make a Southbound turn to 400 S Florence. Unit 1 was traveling Eastbound in lane three on 600 E Paisano and Driver of Unit 1 failed to control the speed of Unit 1 causing Unit 1 to collide with Unit 2. Driver of Unit 1 was treated at the scene and taken to University Medical Center for further treatment. Driver of Unit 2 was treated at the scene and taken to Sierra Medical Center for further treatment. Driver of Unit 1 stated he was running Code 3 and Driver of Unit 2 stated he did not hear an audible siren or see any overhead lights.

## Investigator

Time Notified (24HR:MM): 2 1 2 6
How Notified/Dispatched:
Time Arrived (24HR:MM): 2 1 4 4
Report Date (MM/DD/YYYY): 03/22/2019
Invest. Comp.: Yes
Investigator Name (Printed): Gonzalez III, R.
ID Num. 2505
ORI Num.: TX0710200
Agency: EL PASO POLICE DEPARTMENT
Service/Region/DA: C C